### Jones *v.* Jones et al.

Gilbert, J. T. W. Jones filed a petition against S. D. Jones and D. G. McNair, alleging, that petitioner and S. D. Jones were tenants in common, each owning an undivided interest in 387 acres of described land; that their interests were unequal; that S. D. Jones had never claimed a one-half interest; that S. D. Jones had made a warranty deed to McNair, conveying "all of his undivided interest in and to" said land, which said warranty deed was made for the purpose of securing a debt owing by said S. D. Jones to the said McNair, and the legal title to said property was then in McNair subject to the payment of the debt; that the amount of the debt was about $400; that petitioner was in possession of about 100 acres, and S. D. Jones was in possession of about 67 acres of the land, said division being made for the purpose of working the lands on an equitable basis; that the line existing between the petitioner and S. D. Jones was evidenced by a wire fence; that petitioner had proceeded to prepare a portion of the lands held by her for planting, and S. D. Jones was undertaking to interfere with petitioner's possession of said land, threatening to go thereupon and to tear down the fence; that there was bad feeling between the husband of petitioner and defendant Jones; that it was to the interest of all parties that said land be held by a receiver until the final judgment of the court; and that petitioner had no remedy at law. The prayers were, for an equitable partitioning of the land by metes and bounds or by a sale, as the court may direct; for an injunction to prevent S. D. Jones from interfering with the dividing fence; for the appointment of a receiver to take charge of the entire tract of land and cultivate same pending the judgment; and for general relief. The defendant demurred to the petition, be-

cause: (*a*) No cause of action is set forth; (*b*) because the same seeks to contradict the recitals of a deed, without seeking any reformation thereof, and without showing any grounds for reformation; (*c*) because a copy of the deed is not attached. To the overruling of the demurrers exceptions pendente lite were filed, and error is assigned thereon. It was admitted that the allegations in regard to McNair were true, and that he had no interest in the land except as security for his debt. Verdict was returned, stipulating the amount of the interests of the plaintiff and defendant in the land in controversy. S. D. Jones filed a motion for new trial, based on the general grounds, to which an amendment was allowed, assigning error on certain portions of the judge's instructions to the jury. *Held*:

1. The court did not err in overruling the demurrer.
2. The assignments of error on the judge's charge show no cause for reversal.
3. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*

No. 1381. NOVEMBER 14, 1919.

Equitable petition. Before Judge Worrill. Grady superior court. March 1, 1919.

*S. P. Cain,* for plaintiff in error. *W. V. Custer,* contra.